IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
FRED C. SCOTT,                  )
                                )
     Petitioner,                )
                                )     CIVIL ACTION NO.
     v.                         )     2:03cv243-MHT
                                )          (WO)
UNITED STATES OF AMERICA,       )
                                )
     Respondent.                )
```

OPINION AND ORDER

On June 8, 2006 (Doc. no. 51), the magistrate judge entered a recommendation that the 28 U.S.C. § 2255 habeas petition filed by the petitioner should be denied because the claims presented therein did not entitle the petitioner to any relief.  On June 15, 2006 (Doc. no. 52), the respondent filed an objection to the recommendation, which did not actually object to the ultimate recommendation but rather sought to correct a misstatement of fact.  On June 27, 2006 (Doc. no. 53),

the court entered an opinion in which it sustained the respondent's objection and adopted the magistrate judge's recommendation as modified by the objection; a final judgment was entered on the same day (Doc. no. 54).

On August 23, 2006 (Doc. no. 55), the petitioner filed a motion to reopen the time to file an appeal.[1] In this motion, the petitioner states that he never received copies of the following: (i) the magistrate judge's recommendation; (ii) the respondent's objection; (iii) the court's opinion adopting the recommendation as modified by the respondent's objection; and (iv) the court's final judgment.[2] In addition, the petitioner states that, immediately after the evidentiary hearing on

---

　　1.  Although the petitioner's motion was date-stamped "received" in this court on August 28, 2006, the court, under the "mailbox rule," deems his motion filed on the date he delivered it to prison authorities for mailing, presumptively August 23, 2006, the day that he signed it. See Houston v. Lack, 487 U.S. 266, 271-72 (1988); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

　　2.  The court's records reflect that all mail sent by the court to the petitioner since June 8, 2006, has been returned as "undeliverable."

his § 2255 habeas petition, his appointed counsel "abandoned" her representation of him and failed to take steps necessary to protect his right to file objections to the recommendation or to appeal the final judgment. Accordingly, the court views the petitioner motion as requesting, among other things, an extension of time to file objections to the magistrate judge's recommendation.

In light of the foregoing, and for good cause, it is ORDERED, pursuant to Fed.R.Civ.P. 60(b), as follows:

(1) Petitioner's motion to reopen time to file an appeal (Doc. no. 55) is treated as a motion for extension of time to file objections to recommendation.

(2) Petitioner's motion for extension of time to file objections to recommendation (Doc. no. 55) is granted.

(3) The opinion and final judgment entered on June 27, 2006 (Doc. nos. 53 & 54), are vacated.

(4) Petitioner is allowed until September 25, 2006, to filed his objections to the recommendation entered on June 8, 2006 (Doc. no. 51).

(5) This case is referred back to the magistrate judge for further proceedings.

DONE, this the 5th day of September, 2006.

                       <u>/s/ Myron H. Thompson</u>
                       **UNITED STATES DISTRICT JUDGE**